**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

FEB 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANTOS C. HERNANDEZ,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.    20-71870

Agency No. A072-681-975

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2024[**]
San Francisco, California

Before:  R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

    Santos C. Hernandez, a native and citizen of El Salvador, seeks review of the

Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration

Judge's (IJ) denial of withholding of removal and protection under the Convention

Against Torture (CAT). Hernandez also argues remand is necessary so that he may

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

file a cancellation application based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because he qualifies as a class member in *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

We review the BIA's factual findings, including adverse-credibility findings, for substantial evidence, meaning that findings of fact are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2022). Similarly, "we review the BIA's denial of CAT relief for substantial evidence." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023). "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted).

**1.** ***Adverse-Credibility Finding.*** Hernandez waived review of the adverse-credibility determination underlying the agency's denial of relief by failing to specifically raise this issue in his opening brief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically and distinctly argued in an opening brief are generally waived). But, even if we considered this issue, the

---

[1]The Government withdrew its jurisdictional argument that the BIA's decision in this withholding-only proceeding did not constitute a final order.

record does not compel reversal of the agency's determination. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). For example, Hernandez testified at his May 2018 merits hearing that he was unaffected by the Salvadorian civil war, which directly contradicted his statement in his 1994 asylum application that he was kidnapped by guerrillas and forced to fight in the war. *Cf. Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("[I]nconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination.").[2] And the IJ considered that Hernandez expressed no fear of returning to El Salvador because of persecution or torture the previous times that he was in the Department of Homeland Security's custody, as well as the numerous factors drawing Hernandez to the United States that were "unrelated to a fear of persecution." *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022).

Because the adverse-credibility finding stands, Hernandez's claim for withholding fails, *see* 8 C.F.R. § 1208.16(b), and to reverse the BIA's denial of CAT

---

[2]Hernandez's challenge to the IJ's reliance on his 1994 asylum application fails for multiple reasons. He forfeited this argument by not objecting to the IJ's reliance on this evidence during his 2018 merits hearing. *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc) ("[F]orfeiture is the failure to make the timely assertion of a right . . . ." (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993))). And, as the BIA recognized, Hernandez blames the statements in his 1994 asylum application that he now disclaims on "ineffective assistance by a notario," but his BIA brief does not assert that he complied with the procedural requirements for bringing such a claim set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). *See Reyes v. Ashcroft*, 358 F.3d 592, 596–97 (9th Cir. 2004).

3

protection, we "would have to find that the [country conditions] reports alone compel[] the conclusion that [Hernandez] is more likely than not to be tortured." *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006). But Hernandez also waived this issue by failing to make any specific and distinct argument that he is entitled to CAT protection based only on the country conditions in his opening brief. *See Lopez-Vasquez*, 706 F.3d at 1079–80.

**2.** ***Rojas* Class Membership.** Hernandez abandoned and failed to exhaust his argument that he is a member of the *Rojas* class. *See Rojas*, 305 F. Supp. 3d at 1179. His counsel chose not to pursue this issue before the IJ and failed to raise it in a motion to reopen with the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (exhaustion under 8 U.S.C. § 1252(d)(1) requires legal claims first be presented in administrative proceedings below); *cf. Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010) ("Where an issue has been presented to the IJ, and the BIA affirms the IJ decision . . . , the issue is deemed exhausted."). Accordingly, the BIA did not address the merits of this issue, which precludes our review. *Cf. Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) ("[W]e may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency.").

**3.** ***Pereira* Remand.** Finally, Hernandez failed to exhaust his remand argument based on *Pereira v. Sessions*, because he did not present the same

argument to the BIA that he now presents on appeal. *See Pereira*, 138 S. Ct. at 2113-14. Here, he contends that his October 2015 Form I-863—the Notice of Referral to Immigration Judge—was deficient because it did not contain a date or time. His brief to the BIA, however, asserted that a *different* document—his 1996 Order to Show Cause—was defective for the same reasons. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). Accordingly, we do not consider this unexhausted issue.[3]

**PETITION DENIED.**

---

[3]Hernandez raises arguments about his potential particular social group for the first time on appeal. We decline to consider these arguments in the first instance. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency.").